UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HYEWON SHIN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-1784 |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM & ORDER

Before the Court is Defendant's Motion for Summary Judgment on Plaintiff's claims of: (1) breach of contract, (2) violation of the prompt payment of claims statute, and (3) bad faith/violation of the Deceptive Trade Practices Act ("DTPA"). (Doc. No. 27.) Defendant has paid the arbitration panel award in this case, and Plaintiff agrees that the breach of contract claim no longer exists. (Doc. No. 29 at 2.)

The dispute now is whether the extracontractual claims can be brought after full and timely payment of an appraisal award. The parties each argue for a different interpretation of *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 499–500 (Tex. 2018).

### I. BACKGROUND

This case arises out of an insurance dispute relating to damages to Plaintiff's home sustained during Hurricane Harvey. (Doc. No. 1.) On September 3, 2017, Defendant conducted an initial inspection of the damage to Plaintiff's home and came to an estimate of $3,590.92 in damage. (Doc. No. 27 at 9.) Later, Plaintiff reported additional damages, and a subsequent inspection led to a revised damage estimate of $4,616.63. (Doc. No. 27 at 9.)

On February 21, 2018, Plaintiff filed this lawsuit, alleging (1) breach of contract, (2)

1

violation of the prompt payment of claims statute, and (3) bad faith/violation of the DTPA. (Doc. No. 1.) On March 11, 2019, Plaintiff invoked the appraisal provision of the policy, and the case was abated. (Doc. No. 27 at 9.) The appraisers reached an award of $25,944.94 on March 27, 2019. (Doc. No. 27 at 9.) Defendant paid the award, less deductible and prior payment amount, on March 29, 2019, and notified Plaintiff of the payment. (Doc. No. 27 at 10.) Defendant notified the Court that the appraisal process had concluded, lifting the abatement, and filed this Motion for Summary Judgment. (Doc. No. 26.)

## II. LEGAL STANDARD

On a motion for summary judgment, the movant can only succeed if there is "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "A fact is material only when it might affect the outcome of the suit under the governing law, and a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake,* 47 F.3d 1459, 1462 (5th Cir. 1995). In deciding a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

## III. BREACH OF CONTRACT CLAIM

Plaintiff admits that the breach of contract claim cannot be maintained now that the appraisal award has been paid in full. (Doc. No. 29 at 2.) There is overwhelming support for this conclusion in the case law. *See e.g.*, *Nat'l Sec. Fire & Cas. Co. v. Hurst*, 523 S.W.3d 840, 847 (Tex. Ct. App. 2017), *reh'g denied* (July 25, 2017) ("Generally, tender of the full amount owed

pursuant to the conditions of an appraisal clause is all that is required to estop the insured from raising a breach of contract claim." (citing *Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 459 F. App'x 366, 368 (5th Cir. 2012); *Brownlow v. United Servs. Auto. Ass'n*, 2005 WL 608252, at *2 (Tex. Ct. App. 2005); *Toonen v. United Servs. Auto. Ass'n*, 935 S.W.2d 937, 940 (Tex. Ct. App. 1996)); *Losciale v. State Farm Lloyds*, 2017 WL 3008642, at *2-*3 (S.D. Tex. July 14, 2017) ("[T]imely and full payment of an appraisal award precludes a breach of contract claim . . . .").

The Court finds that Defendant is entitled to summary judgment on Plaintiff's breach of contract claim.

## IV. PROMPT PAYMENT CLAIM

The case law is also clear that "full and timely payment of an appraisal award under the policy precludes an award of penalties under the Insurance Code's prompt payment provisions as a matter of law." *Nat'l Sec. Fire & Cas. Co. v. Hurst*, 523 S.W.3d 840, 847 (Tex. App. 2017), *reh'g denied* (July 25, 2017) (citing *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 563 (Tex. Ct. App. 2010), *overruled on other grounds by In re Universal Underwriters of Tex. Ins. Co.,* 345 S.W.3d 404, 405–07 (Tex. 2011)). *See also Mainali Corp. v. Covington Specialty Ins. Co.*, 872 F.3d 255, 258–59 (5th Cir. 2017), *as revised* (Sept. 27, 2017) ("We must decide whether a payment made to comply with an appraisal award, which in most if not all cases is going to be paid after the 60-day window, is subject to this penalty. No reported Texas case has ever subjected such a payment to the statute."); *Zhu v. First Cmty. Ins. Co.*, 543 S.W.3d 428, 436–37 (Tex. App. 2018) ("As this court has recognized, full and timely payment of an appraisal award under the policy precludes as a matter of law an award of penalties under the Insurance Code's prompt-payment provisions."); *Cano v. State Farm Lloyds*, 276 F. Supp. 3d 620, 628–29 (N.D. Tex. 2017)

("Plaintiffs' TPPCA claim fails as a matter of law because "[a] plaintiff may not seek Chapter 542 damages for any delay in payment between an initial payment and the insurer's timely payment of an appraisal award." (citing *Quibodeaux v. Nautilus Ins. Co.*, 655 F. App'x 984, 988 (5th Cir. 2016); *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 563 (Tex. Ct. App. 2010)).

Here, the appraisers reached an award of $25,944.94 on March 27, 2019. (Doc. No. 27 at 9.) Defendant paid the award, less Plaintiff's deductible and prior payment amounts, on March 29, 2019, and notified Plaintiff of the payment. (Doc. No. 27 at 10.) There was a lapse of only two days between the award and Defendant's payment.

Plaintiff's homeowner's insurance policy states that Defendant's deadline to pay claims is five days from the date Defendant notifies Plaintiff that it will pay the claims. (Doc. No. 27-1 at 39.) There is no calculation by which Defendant's payment could be untimely under this provision. Thus, Defendant is entitled to summary judgment on Plaintiff's prompt payment claim.

## V.     DTPA CLAIM

Plaintiff's final claim is brought under the DTPA. Plaintiff's complaint alleges that Defendant "conducted substandard investigations and inspections of the properties, prepared reports that failed to include all of the damages that were noted during the inspection, and undervalued the damages observed during the inspections," and that "Defendant's unreasonable investigation led to the underpayment of Plaintiffs' respective claims." (Doc. No 1-7 at 4.) Plaintiff also claims that Defendant misrepresented the terms of the homeowner's insurance policy, resulting in an undervaluation of Plaintiff's claim. (Doc. No. 1-7 at 6.) All Plaintiff's allegations stem from Defendant's undervaluation of Plaintiff's claim.

Before payment of the appraisal award, Plaintiff sought recovery of the policy benefits through the DTPA claim, plus exemplary and/or treble damages upon a showing that Defendant

4

violated the DTPA "knowingly." (Doc. No. 1-7 at 6.) Plaintiff's response to the motion for summary judgment indicates that Plaintiff still seeks "policy benefits (off-set by the appraisal payment); exemplary damages up to treble damages for a 'knowing' violation; and reasonable and necessary attorneys' fees." (Doc. No. 29 at 4.)

However, the case law indicates that Plaintiff has already received all due policy benefits through the appraisal process. *See* Section III. Texas insurance law has two sets of rules for causes of action. Suits brought for breach of contract are distinct from "extracontractual" actions brought based on an insurance provider's common-law and statutory duties, like those established by the DPTA. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018).

Plaintiff's DPTA claim is "extracontractual." Defendant argues that, in order for Plaintiff to recover under the DTPA without showing that outstanding policy benefits are due, Plaintiff must satisfy the "independent-injury rule." In response, Plaintiff argues that a recent Texas Supreme Court decision clarified a series of confusing cases, establishing that plaintiffs need not be entitled to additional policy benefits or have pled an independent injury to maintain a claim under the DTPA. *See USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018). Plaintiff believes *Menchaca* states that plaintiffs need only show that they were entitled to benefits under the insurance policy in order to pursue a claim under the DTPA.

A. *The Entitled-to-Benefits Rule*

The "entitled-to-benefits" rule holds that "an insured who establishes a right to receive benefits under an insurance policy can recover those benefits under an insurance policy as 'actual damages' under the statute if the insurer's statutory violation causes the loss of the benefits." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 495 (Tex. 2018). This rule was recognized by the Texas Supreme Court in *Vail v. Texas Farm Bureau Mutual Insurance Co.*, 754 S.W.2d 129 (Tex.

5

1988). Some courts, including the Fifth Circuit, assumed *Vail* had been overruled by subsequent decisions, replaced by a new rule that "an insured can never recover policy benefits as actual damages for statutory or common-law bad-faith violations." *Menchaca*, 545 S.W.3d at 495; *see also Parkans Int'l, LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002). *Menchaca* clarified and reaffirmed the entitled-to-benefits rule as described in *Vail*. *Menchaca*, 545 S.W.3d at 497.

B. *The Independent-Injury Rule*

Under Texas law, extracontractual claims for damages outside of policy benefits must satisfy the "independent-injury rule" to survive. *Menchaca*, 545 S.W.3d at 499–500; *Garcia v. Liberty Ins. Co.*, 2019 WL 825883 (S.D. Tex. Jan. 17, 2019), *recommendation adopted by* 2019 WL 1383011 (S.D. Tex. Mar. 27, 2019). There are two important aspects of this rule. First, "if an insurer's statutory violation causes an injury independent of the insured's right to recover policy benefits, the insured may recover damages for that injury even if the policy does not entitle the insured to receive benefits." *Menchaca*, 545 S.W.3d at 499. Second, "[a]n insurer's statutory violation does not permit the insured to recover *any* damages beyond policy benefits unless the violation causes an injury that is independent from the loss of the benefits." *Id.* at 500.

The independent-injury rule provides only a very narrow avenue for imposing liability. *See Menchaca*, 545 S.W.3d at 500 ("Our reference in *Stoker* to 'the possibility' that a statutory violation could cause an independent injury suggested that a successful independent-injury claim would be rare, and we in fact have yet to encounter one."). A plaintiff can only succeed "if the damages are truly independent of the insured's right to receive policy benefits." *Id.* at 499–500. Claims are precluded if they are "predicated on [the loss] being covered under the insurance policy or if the damages flow or stem from the denial of the claim for policy benefits." *Id.* at 500 (internal citations and quotation marks omitted).

6

## C. *Effect of* Menchaca *on the Rules*

Plaintiff points to some post-*Menchaca* case law suggesting a repudiation of the independent-injury rule. Plaintiff quotes a Fifth Circuit decision that described *Menchaca* as "repudiate[ing] the independent-injury rule, clarifying instead that 'an insured who establishes a right to receive benefits under an insurance policy can recover those benefits as actual damages under the statute if the insurer's statutory violation causes the loss of benefits.' *Aldous v. Darwin Nat'l Assurance Co.*, 889 F.3d 798, 799 (5th Cir. May 11, 2018) (quoting *Menchaca*).

A later Fifth Circuit case clarified that the repudiation of the independent-injury rule referred to in *Aldous* was limited to a particular context: circumstances where the entitled-to-benefits rule otherwise allowed recovery. *Lyda Swinerton Builders, Inc. v. Oklahoma Sur. Co.*, 903 F.3d 435 (5th Cir. 2018). As described above, after a series of seemingly contradictory cases discussing the independent-injury rule from the Texas Supreme Court in the years before *Menchaca*, the Fifth Circuit had taken the position that one of those cases—*Vail v. Texas Farm Bureau Mutual Insurance Co.*—had been abandoned. *Menchaca* made clear that *Vail* and the entitled-to-benefits rule were still valid.

In *Lyda Swinerton Builders*, the Fifth Circuit examined the effect of the reanimation of *Vail* on the independent-injury rule.

> [T]he independent-injury rule does not restrict the damages an insured can recover under the entitled-to-benefits rule. Rather, the independent-injury rule limits the recovery of other damages that "flow" or "stem" from a mere denial of policy benefits. . . . For example, an insured cannot recover damages for emotional distress caused by a mere denial of policy benefits because (1) the entitled-to-benefits rule does not provide for the recovery of such damages, and (2) the second aspect of the independent-injury rule precludes such

7

recovery.

> As previously mentioned, the Insurance Code provides for the trebling of "actual damages" if the insurer "knowingly committed the act complained of." TEX. INS. CODE § 541.152(b) ("[O]n a finding by the trier of fact that the defendant knowingly committed the act complained of, the trier of fact may award an amount not to exceed three times the amount of actual damages."). Because the entitled-to-benefits rule allows an insured to recover policy benefits "as 'actual damages' under the statute," *Menchaca*, 545 S.W.3d at 495, an insured may recover treble the amount of policy benefits received as "actual damages" pursuant to § 541.152. In its discussion of the entitled-to-benefits rule, the *Menchaca* court observed that the insureds in *Vail* were awarded "the amount of the 'full policy limit' *plus treble that amount*, attorney's fees, and prejudgment interest." *Id.* at 495 (emphasis added) (citing *Vail*, 754 S.W.2d at 131). *Menchaca*'s strong reaffirmation of *Vail* confirms that an award of trebled policy benefits pursuant to § 541.152(b) does not run afoul of the independent-injury rule's limitation on the recovery of "damages beyond policy benefits."

*Lyda Swinerton Builders*, 903 F.3d at 451-453 (emphasis added).

Thus, the Fifth Circuit recognized that *Menchaca* allows insurance claims under either the entitled-to-benefits rule or the independent-injury rule; the independent-injury rule does not limit claims that may otherwise be brought through the entitled-to-benefits rule.

D. *Whether the DTPA Claim Survives Full and Timely Payment of the Appraisal Award*

For Plaintiff's DTPA claim to survive the appraisal award, either the entitled-to-benefits rule or the independent-injury rule must provide for the recovery of such damages.

The entitled-to-benefits rule cannot apply, because it only applies in a situation in which

8

the "insurer's statutory violation causes the loss of benefits." *Menchaca*, 545 S.W.3d at 495. Here, whatever statutory violation Plaintiff may prove cannot have resulted in the "loss of benefits," because Plaintiff was paid all benefits due under the insurance contract. *See* Section III; *Braden v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:18-cv-0592 (N.D. Tex. Jan. 15, 2019) ("Here, Plaintiff had a right to policy benefits, and Plaintiff received those benefits when Defendant issued payment of the appraisal award. Plaintiff cannot maintain any extra-contractual claims under the Texas Insurance Code because Plaintiff's alleged injuries 'are predicated on,' 'flow from,' or 'stem from' Plaintiff's claims for policy benefits."); *Losciale v. State Farm Lloyds*, 2017 WL 3008642, at **2-3 (S.D. Tex. July 14, 2017) ("In Plaintiff's case, however, there are no 'improperly withheld policy benefits' because the policy benefits were paid in full by Defendant's payment of the appraisal award. As a result, Plaintiff's reliance on the *Vail* decision is misplaced.").

The independent-injury rule similarly cannot provide Plaintiff a path forward. *Lyda Swinerton Builders* clarified that treble damages under DTPA do not count as "damages beyond policy benefits." 903 F.3d at 453. Further, Plaintiff does not allege any independent injury.

In summary, the case law suggests that Plaintiff is not entitled to recover DTPA treble damages under the entitled-to-benefits rule, because any alleged statutory violation by Defendant did not cause the loss of any policy benefits. Theoretically, it may be possible for Plaintiff to allege an independent injury sufficient to recover extracontractual damages, but Plaintiff has never done so, and the likelihood of success is very low. Thus, Plaintiff's DTPA claim cannot go forward.

This conclusion comports with case law pre- and post-dating *Menchaca*, the first version of which (containing the same relevant discussion of the rules) was issued on April 7, 2017. *Nat'l Sec. Fire & Cas. Co. v. Hurst*, 523 S.W.3d 840, 848 (Tex. Ct. App. 2017), *reh'g denied* (July 25, 2017) ("It is undisputed that Hurst had a right to receive benefits under the insurance policy, and

we have held that he received those benefits in the form of National's initial payment and subsequent tender of the appraisal award. In order to recover any damages beyond policy benefits, the statutory violation or bad faith must cause an injury that is independent from the loss of benefits." (citing *Menchaca*)); *Losciale v. State Farm Lloyds*, 2017 WL 3008642, at *2-*3 (S.D. Tex. July 14, 2017) ("Similarly, because timely and full payment of an appraisal award precludes a breach of contract claim, extra-contractual claims for fraud, bad faith, and violations of the DTPA and the Texas Insurance Code also fail. . . . The payment of the appraisal award satisfies Plaintiff's right to receive benefits under the Policy and, therefore, there is no 'loss of benefits.' Plaintiff has not identified nor presented evidence of an independent loss that does not flow or stem from the original denial of policy benefits. As a result, *Menchaca* does not allow Plaintiff to pursue his Texas Insurance Code claims following full and timely payment of the appraisal award."); *Bustamonte v. State Farm Lloyds*, Case No. 5:15-cv-0184, Doc. No. 55 (S.D. Tex. Apr. 24, 2017) (Kazan, J.). ("Here, State Farm did not breach its contract with Bustamante because it timely paid the appraisal award. Therefore, in order to maintain her extra-contractual bad faith claims, Bustamante must provide evidence of damages arising from injuries independent of the insurance policy, such as extreme bad acts or State Farm's failure to timely investigate her claim.").

Two Texas court of appeals cases are particularly instructive here. In *Turner v. Peerless Indemnity Insurance Co.*, a Texas court of appeals applied *Menchaca* to reject a plaintiff's argument that his bad faith cause of action could go forward against his insurer despite the insurer's payment of the appraisal award. 2018 WL 2709489, at *3–4 (Tex. Ct. App. June 5, 2018).

> There may indeed be situations where damages unrelated to the supposed policy benefits are recoverable, though they would be rare, according to the Supreme Court. Here, though, there was coverage and full payment was made timely once the parties completed the

appraisal process as established by the insurance policy. So, as observed when discussing the issue of breached contract, we are left wondering about the nature and extent of damages sought and recoverable by Turner when the contract was actually performed. He got what the contract permitted him to get . . . . Yet, the independent injury rule seems to tell us that even if there is no breach of contract, extra-contractual claims may still be pursued when they are not predicated on the loss being covered under the policy. This suggests that when benefits are paid per the contract and the insurer performed its contractual obligation (i.e., has not breached the contract), an insured may still pursue extra-contractual causes of action but only when they are not founded upon the loss or injury allegedly covered by the policy. That is, they must be founded on an act that caused injury independent of the policy claim. That is not what Turner did here.

Instead, Turner posits that "[i]f the claim is *covered*—as Turner's was—the insurer is bound by its statutory duties, and when the insurer breaches those duties, *the amount of benefits the insured loses out on as a result* is transformed into 'legal damage' and while that amount may not be recoverable in contract, the insured may elect to recover it under the bad faith statute." (Second Emphasis added). As can be seen, his argument remains focused on the benefits recoverable under the policy, which benefits have already been paid. But, under what we perceived to be *Menchaca*'s explanation of the independent injury rule, his injury cannot be so predicated. It must be independent of what he claims he lost "out on" under the policy.

*Id.* (internal citations omitted).

In another case analogous to the one now before the Court, a Texas court of appeals held, after careful examination of *Menchaca*, that the defendant was entitled to summary judgment on

the plaintiff's DTPA claims after defendant timely paid the appraisal award. *Zhu v. First Cmty. Ins. Co.*, 543 S.W.3d 428, 437–38 (Tex. App. 2018).

Zhu had a right to receive benefits under the insurance policy, and he received those benefits in the form of First Community's initial payment and subsequent tender of payment based on the appraisal award. To recover any damages beyond policy benefits, Zhu must establish that the statutory violation caused an injury that is independent from the loss of benefits. The *Menchaca* court recognized that "a successful independent-injury claim would be rare, and we in fact have yet to encounter one." The *Menchaca* court explained that "[t]his is likely because the Insurance Code offers procedural protections against misconduct likely to lead to an improper denial of benefits and little else." The high court acknowledged that it has further limited the natural range of injury by insisting that an "independent injury" may not "flow" or "stem" from denial of policy benefits. And, the court recognized that "although we reiterate our statement in *Stoker* that such a claim could exist, we have no occasion to speculate what would constitute a recoverable independent injury."

In his petition, Zhu alleges that First Community improperly denied or underpaid his claim. According to Zhu, the adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages observed during the inspection, and undervalued the damages observed during the inspection. Zhu asserts that First Community performed an outcome-oriented investigation of Zhu's claim, which allegedly resulted in a biased, unfair, and inequitable evaluation of Zhu's losses. Zhu claims that First Community's allegedly unreasonable investigation led to the underpayment of his claim.

Zhu has received the benefits to which he was entitled under the policy and has not alleged any act so extreme as to cause independent injury. Zhu has not alleged that he sustained an independent injury as a result of First Community's conduct that allegedly violated Insurance Code chapter 541 or the DTPA. Instead, Zhu has argued that the independent injury rule does not apply. Under the applicable standard of review, we conclude that First Community established its entitlement to summary judgment on Zhu's claims for violations of Insurance Code chapter 541 and of the DTPA

*Id.*

This case is analogous to *Zhu*. The Court finds that Defendant is entitled to summary judgment on Plaintiff's DTPA claims.

## VI. CONCLUSION

The Court **GRANTS** Defendant's Motion for Summary Judgment on all Plaintiff's claims. (Doc. No. 26.)

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 3rd day of July, 2019.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE