UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HYEWON SHIN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-01784 |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Reconsideration. (Doc. No. 36.) The Motion requests partial reconsideration of the Court's rulings in the Memorandum and Order ("M&O") issued on July 3, 2019. (Doc. No. 34.) Specifically, Plaintiff requests reconsideration of Plaintiff's Prompt Payment Act ("TPPCA") claim in light of *Barbara Technologies Corp. v. State Farm Lloyds*, No. 17-0640, 2019 WL 2710089 (Tex. June 28, 2019). (Doc. No. 36.) The Court **GRANTS** Plaintiff's Motion for Reconsideration. (Doc. No. 36.) However, for the reasons discussed below, the Court confirms its **GRANT** of summary judgment to Defendant on Plaintiff's Prompt Payment Act claim.

I.  BACKGROUND

On July 3, 2019, the Court issued a M&O granting Defendant's Motion for Summary Judgment on all of Plaintiff's claims. (Doc. No. 34.) The Court granted summary judgment on Plaintiff's Prompt Payment Act claim on the ground that, under Texas law, "full and timely payment of an appraisal award under the policy precludes an award of penalties under the Insurance Code's prompt payment provisions *as a matter of law*." *Nat'l Sec. Fire & Cas. Co. v. Hurst*, 523 S.W.3d 840, 847 (Tex. App. 2017). (Doc. No. 34.) However, just a few days before

1

the Court issued the M&O, the Texas Supreme Court decided *Barbara Technologies*, in which it held that an insurer's payment of an appraisal award "neither established liability under the policy *nor foreclosed TPPCA damages*[.]" 2019 WL 2710089, at *12 (emphasis added). After Plaintiff moved for reconsideration, the Court found that *Barbara Technologies* "has overruled the prior line of cases on the effect of appraisal awards, at least as far as those opinions held that full and timely payment of an appraisal award precludes TPPCA damages." (Doc. No. 40.) It also invited supplemental briefing on further effects, if any, of *Barbara Technologies* on the present case. In particular, the Court asked the parties to address: "(1) whether the *Mainali* 'reasonableness' exception survives *Barbara Technologies*, and (2) whether the initial payment was reasonable." (Doc. No. 40.)

After consideration of the supplemental briefing (Doc. Nos. 42, 43), the Court concludes that *Mainali*'s reasonableness exception survives and that Allstate's initial payment was reasonable. Allstate has therefore met its burden on summary judgment to establish that, as a matter of law, it does not owe Plaintiff TPPCA damages.

## II.    REASONABLENESS OF ALLSTATE'S PREAPPRAISAL PAYMENT

In *Mainali Corp. v. Covington Specialty, Ins. Co.*, 872 F.3d 255, 259 (5th Cir. 2017), the Fifth Circuit held that there is no statutory violation of the Prompt Payment Act if the insurer's preappraisal payment is "reasonable." Plaintiff urges the Court to treat *Barbara Technologies* as overruling *Mainali*. A district court may not, however, treat Fifth Circuit precedent as having been overruled by a state court decision unless the state court decision is unequivocal in its renunciation of the earlier circuit precedent. *See F.D.I.C. v. Abraham*, 137 F.3d 264, 269 (5th Cir. 1998) ("[A]t a minimum, a contrary ruling squarely on point is required."). *Barbara Technologies* does not overrule *Mainali*. In fact, *Barbara Technologies* cites *Mainali* with

approval in support of the claim that "when an insurer complies with the TPPCA in responding to the claim, requesting necessary information, investigating, evaluating, and reaching a decision on the claim, use of the contract's appraisal process does not vitiate the insurer's earlier determination on the claim." 2019 WL 2710089, at *12 (citing *Mainali*, 872 F.3d at 258–59). *Mainali*'s "reasonableness" exception therefore survives *Barbara Technologies*.

Accordingly, the Court reads *Barbara Technologies*, in conjunction with *Mainali*, as standing for the proposition that, in order for an insurer to avoid a Prompt Payment Act claim by a plaintiff, the insurer must have made a reasonable preappraisal payment within the statutorily-provided period. Allstate made a preappraisal payment within the required time period. Thus, the only remaining issue is whether Allstate's preappraisal payment was "reasonable."

In *Mainali*, the preappraisal award was "undeniably reasonable" because it exceeded the amount the appraisal panel found due. 872 F.3d at 259. Reasonableness is harder to assess where, as here, a subsequent appraisal shows the initial payment to have been too low. In the present case, the appraiser reached an award of $25,944.94, which was 5.6 times greater than the initial preappraisal payment of $4,616,63. (Doc. No. 27 at 9.) The Court nonetheless finds Allstate's preappraisal payment reasonable as a matter of law, for two reasons. First, Allstate "complie[d] with the TPPCA in responding to the claim, requesting necessary information, investigating, evaluating, and reaching a decision on the claim[.]" 2019 WL 2710089, at *12 (citing *Mainali*, 872 F.3d at 258-59). (Doc. No. 27-2 at 2.) Second, the difference between Allstate's preappraisal and appraisal payments is no larger than the difference in other cases in which courts have made a similar reasonableness finding. *See Hinojos*, 569 S.W.3d 304, 307 (Tex. App., 2019) (finding that the insurer's preappraisal payment was reasonable where the appraisal award was 6.8 times the preappraisal payment, a difference of over $22,000). Because

Allstate made a reasonable preappraisal payment within the statutorily-provided period, Plaintiff's Prompt Payment Act claim fails as a matter of law.

### III. CONCLUSION

The Court **GRANTS** Plaintiff's Motion for Reconsideration. (Doc. No. 36.) The Court confirms the **GRANT** in its July 3, 2019 Memorandum and Order of Defendant's Motion for Summary Judgment as to all Plaintiff's claims. (Doc. No. 34.)

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 3rd day of September, 2019.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE